# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 1840 | **DATE** | April 4, 2012 |
| **CASE TITLE** | Demetrios Bobolis (#K-64414) vs. Thomas Dart, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. The Court authorizes and orders the trust fund officer at Plaintiff's place of incarceration to deduct $19.18 from Plaintiff's account for payment to the Clerk of Court as an initial partial filing fee, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the trust fund officer at the Pinckneyville Correctional Center. On the Court's own motion, Thomas Dart is dismissed as a Defendant on initial review pursuant to 28 U.S.C. § 1915A. The Clerk is directed to issue summons for service on Defendant Nemeh by the U.S. Marshal. The Clerk is further directed to send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents along with a copy of this order. Plaintiff's motion for appointment of counsel [4] is respectfully denied, without prejudice.

■ **[For further details see text below.]**  **Docketing to mail notices.**

## STATEMENT

Plaintiff, an Illinois state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that an officer at the Cook County Jail used unjustified force against him and then initiated false discipline in order to cover up his misconduct.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $19.18. The trust fund officer at Plaintiff's place of incarceration is authorized and ordered to collect the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and this case number. This payment obligation will follow Plaintiff wherever he may be transferred.

**(CONTINUED)**

mjm

**STATEMENT (continued)**

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Here, accepting Plaintiff's allegations as true, the Court finds that Plaintiff has articulated a colorable federal cause of action against Defendant Nemeh. Unjustified force against a pretrial detainee violates the inmate's rights under the Fourteenth Amendment. See, e.g., *Dorsey v. St. Joseph County Jail Officials*, 98 F.3d 1527, 1528 (7th Cir. 1998) (citing *Graham v. Connor*, 490 U.S. 386, 395 n. 10 (1989)). While a more fully developed record may belie Plaintiff's allegations, Defendant Nemeh must respond to the complaint.

However, the complaint is dismissed on initial review as to Sheriff Thomas Dart. Plaintiff has alleged no facts suggesting Dart's direct, personal involvement, as required by *J.H. ex rel. Higgin v. Johnson*, 346 F.3d 788, 793 (7th Cir. 2003), *inter alia*. Nor has Plaintiff indicated that the alleged violation of his constitutional rights occurred at Dart's direction or with his knowledge and consent. *Id.* Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted).

The doctrine of *respondeat superior* (blanket supervisory liability) does not apply to actions filed under 42 U.S.C. § 1983. *See, e.g., Kinslow v. Pullara,* 538 F.3d 687, 692 (7th Cir. 2008). Section 1983 does not create collective or vicarious responsibility. *Id.* Supervisors cannot be held liable for the errors of their subordinates. *Birch v. Jones*, No. 02 C 2094, 2004 WL 2125416, at *6 (N.D. Ill. Sep. 22, 2004) (citing *Pacelli v. DeVito*, 972 F.2d 871, 877 (7th Cir. 1992)). To be held liable under 42 U.S.C. § 1983, supervisors "must know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." *T.E. v. Grindle*, 599 F.3d 583, 588 (7th Cir. 2010) (quoting *Jones v. City of Chicago*, 856 F.2d 985, 992 (7th Cir. 1988)). Because there is no indication that Dart was personally involved in–or even aware of–the alleged circumstances giving rise to the complaint, Dart is dismissed as a Defendant in this matter.

The Clerk shall issue summonses forthwith for service on Defendant Nemeh only. The United States Marshals Service is appointed to serve Defendant Nemeh. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendant with process. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. If Officer Nemeh can no longer be found at the work address provided by Plaintiff, the Illinois Department of Corrections shall furnish the Marshal with Defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the Court file, nor disclosed by the Marshal. The Marshal is authorized to mail a request for waiver of service to the Defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the Court with the original plus a complete judge's copy, **(CONTINUED)**

**STATEMENT (continued)**

including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any Court filing to the Defendant [or to defense counsel, once an attorney has entered an appearance on behalf of the Defendant]. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.

Finally, Plaintiff's motion for appointment of counsel is denied without prejudice. There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (2010); see also *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the district court has discretion under 28 U.S.C. § 1915(e)(1) to request counsel for an indigent litigant. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (citing *Johnson*, 433 F.3d at 1006). When a *pro se* litigant submits a request for appointment of counsel, the Court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own, or conversely, if he has been precluded from doing so. *Pruitt*, 503 F.3d at 654. Next, the Court must evaluate the complexity of the case and whether the plaintiff appears competent to litigate it on his own. *Id.* at 654-55. Another consideration is whether the assistance of counsel would provide a substantial benefit to the Court or the parties, potentially affecting the outcome of the case. *Id.* at 654; *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004); see also Local Rule 83.36(c) (N.D. Ill.) (listing the factors to be taken into account in determining whether to appoint counsel).

After considering the factors cited above, the Court concludes that appointment of counsel is not warranted in this case at this time. Although the complaint sets forth cognizable claims, Plaintiff has alleged no physical or mental disability that might preclude him from adequately investigating the facts giving rise to his complaint. Neither the legal issues raised in the complaint nor the evidence that might support Plaintiff's claims are so complex or intricate that a trained attorney is necessary. Plaintiff, whose initial submissions are coherent and articulate, appears more than capable of presenting his case. It should additionally be noted that the Court grants *pro se* litigants wide latitude in the handling of their lawsuits. Therefore, Plaintiff's motion for appointment of counsel is respectfully denied at this time. Should the case proceed to a point that assistance of counsel is appropriate, the Court may revisit this request.